IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RAY GENE CURTIS, Individually and on Behalf of Others Similarly Situated<br>    Plaintiff, | § | |
| V. | § | CIVIL ACTION NO. 4:20-cv-3515 |
| HOUSTON INSPECTION FIELD SERVICES, LLC,<br>    Defendant. | §<br><br>§ | <br><br>JURY DEMANDED |

## PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT

### Summary of Lawsuit

Defendant Houston Inspection Field Services, LLC ("Houston Inspection" or "Defendant") has a business plan that includes paying non-exempt employees the same day rate for all days worked, no matter how many hours per day the employees work. This plan also includes not paying an overtime premium for those hours over 40 per workweek. Defendant's failure to pay the overtime premium required by law allows it to gain an unfair advantage over competitors who follow the law in their employment practices. Plaintiff Ray Curtis ("Curtis" or "Plaintiff") is one of the workers hired by Defendant as a day-rate employee and not paid overtime pay and brings this lawsuit against Defendant to recover unpaid overtime that is required by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

### Facts Supporting Relief

### Allegations Related to Plaintiff's and His Coworkers' Claims

1.   Curtis worked for Houston Inspection as a welding inspector from January of 2019 until June or July of 2019. Curtis's duties included, but were not limited to, inspecting welds, conducting weld tests, and observing welders as they welded along a pipeline right-of-

way.

2. During the time he worked for the Defendant, Plaintiff regularly worked in excess of 40 hours per week.

3. Defendant paid Curtis on a day-rate basis, meaning that Plaintiff was paid the same amount of money for each day worked, regardless of how many hours he worked each day. Defendant did not pay Curtis an overtime premium for any of the hours he worked in excess of 40 in a workweek. Instead, Curtis was paid the same set day rate to cover all the hours he worked each day.

4. Curtis worked with numerous other individuals who were paid on a day-rate basis. These individuals were also inspectors who also regularly worked over 40 hours per week, and who were also not paid overtime pay for hours they worked in excess of 40 per workweek.

## Allegations Regarding FLSA Coverage

5. Defendant is a Texas limited liability company that is covered by and subject to the overtime requirements of the FLSA.

6. During each of the three years prior to this complaint being filed, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, and conducting transactions through commerce, including the use of credit cards, telephones, electronic mail and the Internet.

7. During each of the three years prior to this complaint being filed, Defendant regularly owned and operated businesses engaged in commerce or in the production of goods for commerce as defined by Sections 3(r) and (s) of the Act, 29 U.S.C. §§ 203(r) and 203(s).

8. During each of the three years prior to this complaint being filed, Defendant

conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

9. During each of the three years prior to this complaint being filed, Defendant's employees used or handled goods, tools, equipment or materials that traveled in interstate commerce, that is, goods, tools, equipment or materials that were made or manufactured outside Texas.

10. Oil and gas pipeline companies require inspectors to ensure that welding, coating, and installation of pipe and machinery related to pipelines is done in a safe manner and within the specifications of the pipeline contractor.

11. Houston Inspection is in the business of supplying inspectors to pipeline contractors and negotiating the rates and terms of the work these inspectors do.

12. Houston Inspection directed inspectors to where their jobs would be, offered benefits such as health insurance and life insurance to inspectors, and withheld payroll taxes for all of their inspectors.

13. Houston Inspection places its employees in job locations throughout the United States.

14. Houston Inspection employees regularly travel to states other than Texas in their work for the company.

15. Houston Inspection employees regularly communicate with Houston Inspection personnel and their clients using interstate telephone and email communications.

16. Houston Inspection employees, including Plaintiff, have regularly worked on pipelines that convey materials between states.

### Plaintiff's Claims

17. Defendant was legally required to pay Curtis and his similarly situated Coworkers ("Members of the Class") overtime pay for all hours that these individuals worked for Defendant in excess of 40 in any workweek.

18. Curtis worked over 40 hours in many workweeks that he worked for Defendant.

19. Members of the Class worked over 40 hours in many workweeks that they worked for Defendant.

20. Defendant did not pay Curtis a half-time premium for any of the overtime hours that he worked for the Defendant. Defendant's underpayment of the Plaintiff, often referred to as "wage theft," allowed Defendant to gain an unfair advantage in the marketplace as compared to other inspection businesses that pay their employees all of the money required by law.

21. The Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Curtis and Members of the Class. Such practice was and continues to be with regard to the Members of the Class, a clear violation of the FLSA.

### Cause of Action

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

22. Defendant violated the FLSA by failing to pay Curtis overtime pay for hours worked over 40 per workweek.

23. Curtis has suffered damages as a direct result of Defendant's illegal actions.

24. Defendant is liable to Plaintiff for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

## Collective Action Allegations

25. The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class, namely, paying inspectors on a day-rate basis, and failing to pay inspectors overtime pay for hours worked in excess of 40. This generally applicable policy is prohibited by the FLSA. Plaintiff's experience is typical of the experiences of the Members of the Class.

26. The class of similarly situated Plaintiffs is properly defined as:

> **All inspectors who have been paid on a day-rate basis by Defendant Houston Inspection Field Services, LLC at any time during the three-year period preceding the filing of this Complaint.**

## Defendant, Jurisdiction, and Venue

27. Defendant Houston Inspection Field Services, LLC is a Texas Limited Liability Company and an "employer" as defined by the FLSA. Defendant may be served through its registered agent, CT Corporation System at 1999 Bryan St., Ste. 900 Dallas, TX 75201.

28. This Court has federal question jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiff transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well.

## Demand for Jury

29. Plaintiff demands a trial by jury.

**Prayer for Relief**

Plaintiff and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons performing inspection work who are/were employed by and paid on a day-rate basis by Houston Inspection Field Services, LLC during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;

2. Judgment against Defendant for an amount equal to Plaintiff's and the Members of the Class's unpaid overtime wages at the applicable rate;

3. An equal amount to the overtime wage damages as liquidated damages;

4. Judgment against Defendant that its violations of the FLSA were willful;

5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

6. All costs and attorney's fees incurred prosecuting these claims;

7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court; and

8. For such further relief as the Court deems just and equitable.

    Respectfully Submitted,

    **THE BUENKER LAW FIRM**

    */s/ Josef F. Buenker*
    Josef F. Buenker
    TBA No. 03316860
    jbuenker@buenkerlaw.com
    2060 North Loop West, Suite 215
    Houston, Texas 77018
    713-868-3388 Telephone
    713-683-9940 Facsimile

    **ATTORNEY-IN-CHARGE FOR**
    **PLAINTIFF RAY CURTIS**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2060 North Loop West, Suite 215
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile

**ATTORNEY FOR PLAINTIFF
RAY CURTIS**